IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BRANDON LEE DEWOLFE,**

        **Plaintiff,**

v.

**NANCY A. BERRYHILL,**[1]
**Acting Commissioner, Social Security Administration,**

        **Defendant.**

6:16-CV-00543-BR

**OPINION AND ORDER**

**MERRILL SCHNEIDER**
Schneider Kerr Law Offices
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

        Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

---

[1] On January 23, 2017, Nancy A. Berryhill was appointed the Acting Commissioner of the Social Security Administration and pursuant to Federal Rule of Civil Procedure 25(d) is substituted as Defendant in this action.

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**KATHRYN A. MILLER**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2240

    Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Brandon Lee DeWolfe seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed his application for DIB on June 4, 2013, and his application for SSI on June 24, 2013. Tr. 31.[2]  Plaintiff alleged a disability onset date of June 1,

---

[2] Citations to the official transcript of record filed by the Commissioner on January 20, 2016, are referred to as "Tr."

2012.³  Tr. 31.  Plaintiff's applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on July 22, 2015.  Tr. 31, 48-83.  Plaintiff and a vocational expert (VE) testified.  Plaintiff was represented by an attorney at the hearing.

On August 7, 2015, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 31-42.  On September 28, 2015, Plaintiff requested review by the Appeals Council.  Tr. 22.  On February 5, 2016, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner.  Tr. 1-4.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On March 29, 2016, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

### BACKGROUND

Plaintiff was born on November 10, 1970.  Tr. 41.  Plaintiff was 44 years old at the time of the hearing.  Plaintiff has a tenth-grade education.  Tr. 41, 242.  The ALJ found Plaintiff has past relevant work experience as an auto mechanic and auto-shop supervisor.  Tr. 40.

---

³ Plaintiff initially alleged disability onset beginning June 1, 2009, but amended the onset to June 1, 2012.  Tr. 31, 56.

3 - OPINION AND ORDER

Plaintiff alleges disability due to nerve damage to his right arm and shoulder, arm and shoulder pain, ruptured disc in lower spine, low-back pain, anxiety, scar tissue in the lungs, torn cartilage in his left knee, and neck pain from a curved spine. Tr. 241. Plaintiff also has Erb's Palsy from a birth trauma resulting in a short dysfunctional right arm. Tr. 34, 383.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. *See* Tr. 34-40. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d

453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the

Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must

assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational

Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since June 1, 2012, the amended alleged onset date. Tr. 33.

At Step Two the ALJ found Plaintiff has the severe impairments of Erb's Palsy, obesity, mild degenerative disc disease with sciatica, and a history of carpal-tunnel syndrome of the left wrist. Tr. 34.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 34-5. The ALJ found Plaintiff has the RFC to perform sedentary work; can occasionally stoop or crouch; cannot climb ladders, ropes, or scaffolds; can only lift with his left arm; cannot reach in any direction; cannot grasp, handle, or feel with his right arm, which can be used only minimally to steady an item that is lifted or held with his left arm; can no more than frequently handle, grip, or finger with his left arm; and must avoid concentrated exposures to dust, fumes, gases, poor

ventilation, and other noxious odors.  Tr. 35.

At Step Four the ALJ concluded Plaintiff is incapable of performing his past relevant work.  Tr. 40.

At Step Five the ALJ found Plaintiff could perform other jobs that exist in the national economy.  Tr. 41.  Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 42.

## DISCUSSION

Plaintiff contends the ALJ erred (1) when he improperly rejected Plaintiff's subjective symptom testimony and (2) when he made findings at Step Five that are not supported by substantial evidence in the record.

**I.  The ALJ did not err when he found Plaintiff's testimony was not fully credible.**

Plaintiff contends the ALJ did not provide clear and convincing reasons for rejecting Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment and must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.  *Smolen*, 80 F.3d at 1284.

9 - OPINION AND ORDER

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ identified three reasons for discounting Plaintiff's testimony: (a) the medical records do not support Plaintiff's testimony regarding the severity of his symptoms; (b) Plaintiff's daily activities are not consistent with his claim of disability; and (c) Plaintiff received unemployment benefits during the period of his alleged disability.

**A.  <u>Medical Records</u>**

After a thorough review of Plaintiff's medical records (Tr. 36-39), the ALJ concluded the records do not support the severity of Plaintiff's symptom testimony. The ALJ noted the following medical evidence in support of his finding:

In April 2012 Plaintiff was examined by Todd J. Lewis, M.D. Plaintiff reported pain in his right arm, shoulder, neck, low back, and left knee. On examination Plaintiff had decreased range of motion in his neck, shoulder, and lumbar spine, but he

had a normal gait and was able to perform toe-and-heel walking without difficulty. Dr. Lewis indicated Plaintiff had "valid" physical findings in his right arm, but his lumbar motions were "self-limited and not valid." Tr. 383.

In March 2013 Plaintiff was seen in the emergency room for back pain radiating into his left leg, which started after he lifted a 150-pound transmission. He was diagnosed with lumbar strain and discharged. Tr. 368.

In December 2013 Plaintiff experienced numbness in the tips of his fingers. Imaging revealed mild degenerative changes without acute findings. Tr. 387. In October 2014 Plaintiff had a carpal-tunnel release procedure on his left wrist. In his evaluation of Plaintiff's RFC the ALJ restricted Plaintiff's use of his left hand and arm to "only frequently" for activities that involved handling, fingering, and feeling. Tr. 38.

In September 2014 Plaintiff was examined by Weijia Wang, M.D., for complaints of low-back pain radiating into his left leg. On examination Plaintiff exhibited full range of motion, normal muscle tone, and normal gait. Dr. Wang, however, noted Plaintiff chose not to flex his lumbar spine because of pain. Plaintiff's follow-up in November 2014 with Dr. Wang indicated Plaintiffs' nerve conduction study was "unremarkable." Tr. 564.

In June 2015 Plaintiff reported his current medications

11 - OPINION AND ORDER

relieved his pain and provided improved overall functionality. Tr. 471. The ALJ noted Plaintiff's treatment was "very conservative, largely prescription medication and injections," and Plaintiff had "not generally received the type of medical treatment one would expect for a completely disabled individual." Tr. 39. Plaintiff contends it was improper for the ALJ to assess "the type of treatment that is warranted for any particular condition," and the ALJ "cannot simply reject the pain complaints as unsupported when the record contains an objective basis for the pain."

Medications and treatment are "important indicator[s] of the intensity and persistence of . . . symptoms." 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). Conservative treatment is "sufficient to discount a claimant's testimony regarding severity of impairment." *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007)(quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)).

On this record the Court concludes the ALJ did not err when he found Plaintiff's allegations were not consistent with the medical evidence in the record because the ALJ provided clear and convincing reasons supported by substantial evidence for doing so.

    **B.**   **Activities of Daily Living**

The ALJ further discounted Plaintiff's testimony on the

basis that his daily activities are not consistent with his claim of disability. Plaintiff, however, contends these activities are not inconsistent with his disabling level of pain nor with his inability to work on a full-time basis.

To support his conclusion the ALJ noted during the period of his alleged disability Plaintiff was able to "perform adequate self-care, prepare simple meals, to do household chores and to go out to the store," to ride his bike, and to lift a 150-pound transmission. Tr. 39, 368, 375.

"When evidence reasonably supports either confirming or reversing the ALJ's decision, [the court] may not substitute [its] judgment for that of the ALJ." *Baston v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004).

On this record the Court concludes the ALJ did not err when he discounted Plaintiff's credibility based on the ALJ's finding that Plaintiff's daily activities are inconsistent with his alleged disabilities.

### C. <u>Unemployment Benefits</u>

The ALJ pointed out that Plaintiff received unemployment benefits after the date of his alleged initial disability onset. Plaintiff contends he only received such benefits for a few months following the end of his last job in 2009, and, therefore, this information is irrelevant.

When a claimant has held himself out as available for

full-time work, receipt of unemployment benefits can undermine the claimant's alleged inability to work full-time. *See Carmickle v. Comm'r*, 533 F.3d 1155, 1161-62 (9th Cir. 2008).

Plaintiff initially alleged an onset of disability beginning in June 2009. At the time of the hearing the ALJ noted there were not any corroborating medical records from June 2009 to 2012 or 2013. Plaintiff later amended his alleged onset date to June 2012. Tr. 54.

In his findings the ALJ specifically noted the acceptance of unemployment benefits did not impact his determination of Plaintiff's disability, but "[s]uch acceptance shows that the claimant was actively applying for work, claimed to be able to be available for work, and held [himself] out [to] another agency [as being] able and willing to work" during the period that Plaintiff alleged he was disabled. The ALJ concluded this inconsistency "erode[d]" Plaintiff's credibility. Tr. 39.

The Court concludes the ALJ properly considered Plaintiff's receipt of unemployment benefits as a factor in determining Plaintiff's credibility.

In summary, on this record the Court finds the ALJ did not err when he found Plaintiff was not fully credible because the ALJ provided clear and convincing reasons supported by substantial evidence in the record for doing so.

**II. The ALJ's finding at Step Five is supported by substantial evidence.**

Plaintiff contends the ALJ erred at Step Five when he relied on the testimony of the VE that Plaintiff was capable of performing other work that existed in significant numbers in the national economy on the basis that the VE's testimony was not supported by substantial evidence.

The ALJ posed a hypothetical to the VE based on his evaluation of Plaintiff's RFC. The VE testified the "only job" Plaintiff could perform with the limitations posed by the ALJ was "a retail surveillance monitor." The VE stated the Dictionary of Occupational Titles (DOT) code for that job was 379.367-010, it was an unskilled job at the sedentary level, and 82,000 such jobs existed in the national economy. Tr. 80. The ALJ relied on this testimony and, accordingly, found Plaintiff is not disabled. Tr. 41-42.

Plaintiff, however, asserts the DOT code given by the VE is for a different job titled "Surveillance-System Monitor (government ser.)" and does not describe a "retail" position. Plaintiff also contends the VE's testimony is inconsistent with the standard publications recognized by the Commissioner.

Plaintiff asserts he submitted additional evidence to the Appeals Council that undermines the VE's position that such a job exists in significant numbers. Plaintiff submitted the statement of another vocational expert to the Appeals Council regarding the job of system surveillance monitor in today's economy. Based on

15 - OPINION AND ORDER

that expert's opinion, Plaintiff contends the number of jobs nationally for the entire Occupational Employment Survey (OES) statistical group, which includes the surveillance system monitor job, is 96,000, and the number of jobs nationally for the surveillance system monitor job alone is only 4,553. In addition, Plaintiff argues the number of jobs (82,000) stated by the VE at the hearing included all job categories for the OES group rather than only surveillance system monitor jobs.

Plaintiff's evidence was submitted to the Appeals Council after the ALJ rendered his decision. The Appeals Council reviewed the evidence, but it declined to review the ALJ's decision. When a claimant "submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60, 1162-63. If the new evidence changes the "record as a whole" in a substantial manner, the ALJ's decision may no longer be supported by substantial evidence in the record. *Id. See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1039 n.2 (9th Cir. 2007).

In *Beltran v. Astrue* the ALJ found the plaintiff was able to work as a surveillance system monitor. The ALJ found a

"significant number" of jobs existed that the plaintiff could do despite her limitations based on the VE's testimony that there were 135 jobs regionally and 1,680 jobs nationally. 700 F.3d 386 (9th Cir. 2012). On appeal the Ninth Circuit found this was not a "significant number" of jobs and reversed the finding of the ALJ as unsupported by substantial evidence in the record. *Id.* at 391. The Court did not, however, decide "what the floor for a 'significant number' of jobs should be." *Id.* at 390.

Here the VE testified Plaintiff could perform the duties of a retail surveillance monitor with the RFC limitations stated by the ALJ. At the hearing or on appeal to this Court Plaintiff did not challenge the ALJ's finding that he is able to perform that job. Plaintiff only asserts the ALJ's finding that the retail surveillance monitor job exists in significant numbers in the economy is not supported by substantial evidence in the record.

Although the VE testified there were over 82,000 such jobs available nationally, Plaintiff points out that there are actually only 4,553 security surveillance monitor jobs nationally according to the OES, which is not a "significant number." The Court, however, notes that number is two and a half times the number of jobs the *Beltran* court found to be insignificant.

On this record the Court finds the ALJ did not err at Step Five because the ALJ's determination that other work exists in significant numbers in the national economy is supported by

substantial evidence based on *Beltran*.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 16th day of May, 2017.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge